IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No.  4:20-cv-00059 |
| ) | |
| v. ) | |
| ) | |
| FIVE FIREARMS, ASSORTED ) | |
| AMMUNITION, AND ONE BUMP ) | |
| STOCK SEIZED FROM 102 EAST ) | |
| RINGGOLD STREET, CRESTON, ) | |
| IOWA, ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW PLAINTIFF UNITED STATES OF AMERICA, and hereby states its complaint in this civil forfeiture matter in conformity with Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture G(2), including its statement of facts supporting a reasonable belief that the government will be able to meet its burden at trial.

### I.     NATURE OF THE ACTION

1.     This is an action to forfeit the Defendant property, described more fully below, to the United States, pursuant to 18 U.S.C. § § 924(d)(3) and 18 U.S.C. § 983(a)(3)(A).

### II.     DEFENDANT *IN REM*

2.     The United States seeks to forfeit the following Defendant property, seized from 102 East Ringgold Street, Creston, Iowa on September 18, 2019:

| Item | Description |
|------|-------------|
| 1 | A Marlin Firearms Co. 881 rifle (serial number 09522967) |
| 2 | A Savage B.Mag rifle (serial number J826271) |
| 3 | A Ruger Precision Rimfi  rifle (serial number 840-54035) |
| 4 | A Savage Axis rifle (serial number H597715) |
| 5 | A Savage B.Mag rifle (serial number J661405) |
| 6 | Approximately 1377 rounds of assorted ammunition |
| 7 | One bump stock |

## III.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over an action commenced by the United States, under 28 U.S.C. § 1345, and over an action for forfeiture, under 28 U.S.C. § 1355(a).

4.     This Court has *in rem* jurisdiction over the Defendant property under 28 U.S.C. § 1355(b) and § 1395(b), because the acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant property was seized from and located in this district.  The Defendant property is in the possession of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") in its evidence vault in Des Moines, Iowa.

## IV.     BASIS FOR FORFEITURE

5.     The Defendant property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) as firearms and ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(g)(3), and, in the case of the "bump stock" it is forfeitable as a machinegun illegally possessed, in violation of 18 U.S.C. §  922(o).  Pursuant to 18 U.S.C. § 922(g)(3), it is unlawful for any person who is an unlawful  of or addicted to any controlled substance, as defined in 21 U.S.C. § 802, to possess any firearms or ammunition that have been shipped or transported in interstate foreign commerce.

2

6.    The government believes, based on available knowledge, information, and belief, that the following factual contentions have evidentiary support, or will likely have evidentiary support after a reasonable opportunity for investigation and discovery.

## V.    FACTS

7.    The "Controlled Substances Act" was enacted by Congress as Title II of the "Comprehensive Drug Abuse Prevention and Control Act of 1970," Pub.L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801-904).

8.    The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

9.    Schedule I substances have a high potential for abuse, have no currently accepted medical use in treatment in the United States, and there is a lack of accepted safety for use of these controlled substances under medical supervision.  21 U.S.C. § 812(b)(1)(A)–(C).

10.    Under the Controlled Substances Act, only persons registered by the Attorney General of the United States, in accordance with rules and regulations promulgated by the Attorney General, may legally manufacture or distribute controlled substances.  21 U.S.C. § 822(a), (b).

11.    Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute, a controlled substance, unless authorized by law to do so.  21 U.S.C. § 841(a)(1).

3

12.    Under the Controlled Substances Act, it is unlawful to knowingly possess a controlled substance, absent certain circumstances.  21 U.S.C. § 844(a).

13.    Under the Controlled Substances Act, marijuana is a Schedule I controlled substance.

14.    On or about September 18, 2019, and at pertinent times beforehand, Anthony Jordan Hoadley and Hannah Catherine Hoadley resided at 102 East Ringgold Street, Creston, Iowa, with his minor children.

15.    Hannah Hoadley was the only adult female then residing at 102 East Ringgold Street, Creston, Iowa.

16.    On September 18, 2019, Anthony Jordan Hoadley was approximately 35 years old.

17.    On September 18, 2019, Hannah Catherine Hoadley, formerly known as Hannah Catherine Nelson, was approximately 25 years old.

18.    At approximately 3:15 p.m. on or about September 18, 2019, law enforcement lawfully executed a federal search warrant at 102 East Ringgold Street, Creston, Iowa, looking for evidence related to a shooting of a person in approximately November 2018.

19.    At times pertinent to this case, Anthony Hoadley was a prospective member of the Sons of Silence (SOSMC) motorcycle gang and is currently a full member of the SOSMC.

20.    The SOSMC is a highly-structured motorcycle club.  SOSMC members have been known to typically collect or stockpile firearms, ammunition, and other ordnance.

4

21.    Members of the Sons of Silence associated with Hoadley referred to him as "Hoodie" or "Hoodlum."

22.    No one was located inside of 102 East Ringgold Street, Creston, Iowa at the time the search warrant was executed.

23.    Subsequently, Hannah Hoadley arrived at 102 East Ringgold Street, Creston, Iowa in a black Chrysler 300 while law enforcement were there.

24.    At no time was Hannah Hoadley placed in custody or restrained by law enforcement.

25.    Law enforcement informed Hannah Hoadley she was free to leave.

26.    Hannah Hoadley voluntarily entered an unmarked government vehicle and spoke with a person she knew to be an ATF Special Agent while others were lawfully searching the residence pursuant to the search warrant.

27.    Pursuant to the federal search warrant, law enforcement officers lawfully gained entry to the residence, searched the residence, and found the property described below, including the Defendant property.

28.    During the search of the residence, law enforcement officers found evidence of marijuana use by its occupants or residents.

29.    None of the following evidence of marijuana use was concealed, which established its presence was not hidden from, and was not concealed by, the residents of 102 East Ringgold Street, Creston, Iowa.

30.    On a tool table in the garage, law enforcement officers found a partial marijuana cigarette, commonly called "a roach," that was charred on one end.

31.   The condition of "the roach" was consistent with it having been recently smoked by a person.

32.   The Hoadleys main bedroom was the southwest bedroom, in the corner of the residence.

33.   In a purse in the southwest bedroom, law enforcement also found a partial marijuana cigarette and a handgun holster.

34.   The purse belonged to Hannah Hoadley.

35.   Laying out in the open in the residence, law enforcement officers found Zig-Zag rolling papers on the kitchen island counter top.

36.   Zig-Zag rolling papers are commonly used to create marijuana cigarettes, like those found in the house.

37.   Also on the kitchen island, law enforcement officers found an empty, re-sealable plastic bag labeled with "Colorado Retail Marijuana" and "Contains marijuana" on one side and "7 g (0.25 oz)", "THC 20%", and "Date: 09/09/19." The bag also said, "Contains Marijuana" and "Keep away from children."

38.   This bag contained seven grams of marijuana, before the marijuana was used to make marijuana cigarettes.

39.   During the voluntary interview of Hannah Hoadley by law enforcement officers, she stated the bagged marijuana was not hers and claimed she did not use marijuana.

40.   In the master bedroom, officers seized five rifles: two in the closet, two from under the bed, and one next to the bed. All of the firearms were easily visible; none were hidden.

6

41.    Officers found rifle and pistol ammunition throughout the house, including the master bedroom, southwest bedroom, kitchen, living room, and garage.

42.    Agents also located a "bump stock" in the master bedroom.

43.    It is illegal for a person to own a "bump stock."

44.    Anthony Hoadley claimed he purchased the illegal "bump stock" in a box of "tools and parts" at a garage sale, stated he did not know what it was, and said he let his children play with it.

45.    Anthony Hoadley said the last time he saw the illegal "bump stock" one of his minor children was playing with it.

46.    Under the Firearms Owners' Protection Act ("FOPA"), Pub. L. 99-308, 100 Stat. 449 (1986), as amended, and interpreted by applicable federal regulations effective or about December 26, 2018, it is illegal to possess a "bump stock" because it is a machinegun as a device that allows a semi-automatic firearm to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semi-automatic firearm to which it is affixed so that the trigger resets and continues firing without additional physical manipulation of the trigger by the shooter.

47.    Under 18 U.S.C. § 924(d), the government may forfeit a machinegun, or "bump stock," as a firearm used in the commission of a willful violation of Chapter 44, Title 18, United States Code.

48.    Because the "bump stock" is illegal per se, and contraband, it cannot be returned to Anthony or Hannah Hoadley or anyone else.

7

49.     Anthony Hoadley told law enforcement he did not want the "bump stock," and he consented to let law enforcement take it, thereby abandoning his interest, if any, in it.

50.     Anthony Hoadley later told law enforcement if there was anything illegal found in the house, he would "lay full claim to it."

51.     Anthony Hoadley said if there was marijuana in the house "it was definitely my marijuana" and "I know God-damn well it ain't a bunch."

52.     Anthony Hoadley also told law enforcement "to be 100% honest with ya, I don't even know what guns and ammo are there."

53.     Anthony and Hannah Hoadley did not keep close track of the firearms and ammunition left open around their residence.

54.     When speaking to law enforcement, Hannah Hoadley was asked if anyone else beside her and Anthony Hoadley lived at the residence, she stated "no." She then stated, "Well, technically, the guy who owns the residence lives here periodically."

55.     When asked if the marijuana belonged to the homeowner, Hannah Hoadley stated it was not the homeowner's.

56.     In fact, Anthony Hoadley's minor children also resided with them, and had open access to the unsecured firearms, ammunition, illegal bump stock, and marijuana.

57.     On September 18, 2019, law enforcement spoke to Anthony Hoadley via telephone several times, and he admitted that he smoked marijuana,

8

58.   Federal law enforcement documented the items lawfully seized pursuant to the properly-executed warrant, which includes the following:

| Item Description | Location |
|---|---|
| (2) holsters and packaging | One located in a plastic bag hanging on coat rack by east door, the other located on top of coat rack shelf |
| Ruger BX 15 magazine | Master bedroom on top of dresser by drone |
| Silver magazine | Top dresser left side as you look at it-master bedroom |
| Assorted ammunition | Master bedroom shelf on east wall |
| Black bump stock | Master bedroom shelf on east wall |
| Box of Stinger .22 LR rounds | Master bedroom at foot of bed |
| Marlin Rifle, Model 881, .22 cal., S/N 09522967 | Under master bed toward back (foot of bed) |
| Savage B Mag 17 Win Super Mag S/N J826271 | Under master bed in front of Marlin rifle |
| Ruger Precision .22 cal. Rifle S/N 840-54035 | Master bedroom, right side of bed |
| Savage Axis 30-06 cal. S/N H597715 | Master bedroom closet |
| Savage B Mag 17 SuperMag (loaded) S/N J661405 | Master bedroom closet |
| Ammunition from the Savage B Mag 17 SuperMag - One (1) round chambered, three (3) in magazine in gun | Master bedroom closet |
| 7.62 (2) magazines (loaded) | Master bedroom closet, top shelf |
| Ammunition from the 7.62 (2) magazines (7.62 x 39) | Master bedroom closet on top shelf |
| (4) Assorted rounds of ammunition | Master bedroom closet, top shelf |
| .45 ACP magazine (loaded) | Master bedroom closet, from leather coat, right hand pocket |
| 243 caliber Remington rounds (38) | Kitchen closet bottom shelf |
| (3) rounds of assorted ammunition | Television stand in living room |

| Item Description | Location |
|---|---|
| Miscellaneous ammunition | SW bedroom, east wall in television stand |
| .45 ACP shells, S/N on box: RIA1858678 (2) | Box in television stand on east wall of SW bedroom |
| Assorted ammunition | Hallway cloth cabinet, multiple drawers |
| Firearms parts/accessories | Hallway cloth cabinet |
| (18) rounds of assorted ammunition | Bottom drawer of plastic container, from shelf above kitchen desk |
| (11) rounds of assorted ammunition | Computer desk in kitchen |
| Black holster | On desk in kitchen, behind the computer screen |
| Black plastic holster | SW bedroom in Hannah's purse, bottom right of television stand |
| Black hawk holster | SW bedroom, east wall television stand, lower left |
| Firearm magazines | Found in tool chest west wall and cardboard box south wall in garage |
| Miscellaneous (46) rounds of ammunition | Tool chest, west wall of garage |

59.     The firearms were found in the master bedroom shared by Anthony and Hannah Hoadley.

60.     Officers also found SOSMC paraphernalia throughout the house, including a beanie on the kitchen island, assorted clothing and shirts in the southwest bedroom closet, a coat and vest in the entry way, and t-shirt in the master bedroom closet.

61.     Law enforcement was given consent to remove the marijuana and drug paraphernalia from the residence.

62.     Hannah Hoadley stated one pistol was hers, a Sig 9mm that Anthony may have purchased, but said she could not recall who owned the other firearms.

63.     Later, when law enforcement asked Hannah Hoadley to identify which firearms, if any, were hers, she told federal law enforcement that two of the rifles in the master bedroom belonged to Anthony Hoadley, the one in the closet and one rifle under the bed (Savage Axis 30-06 cal. S/N H597715 and Marlin Rifle, Model 881, .22 cal., S/N 09522967).  Hannah Hoadley stated the other three guns belonged to her, although Anthony Hoadley had purchased two of them (Ruger Precision .22 cal. Rifle S/N 840-54035 and Savage B Mag 17 SuperMag (loaded) S/N J661405).

64.     The owner of the residence confirmed he did not own any of the seized firearms and ammunition.

65.     On or about September 18, 2019, via a phone call with ATF agent, Anthony Hoadley admitted that he smoked marijuana.  "I smoke some weed here and there.  You can put that on the record."

66.     Subsequent testing conducted by the Iowa Department of Public Safety, DCI Criminalistics Laboratory confirmed Anthony Hoadley was a user of marijuana.

67.     Hannah Hoadley stated she and Anthony Hoadley moved to this residence approximately three months prior to the search.

68.     When later interviewed by law enforcement, Anthony Hoadley said, "I don't even carry the guns when I smoke weed."

69.     Anthony Hoadley later told law enforcement, "I don't drink any more, and the weed takes the place of all that [curse words] Zanex and all that other [curse word] they [curse word] think I need . . . If you tell me to stop smoking weed you're out of your [curse word] mind.  If you want to put me in jail for that, let's go."

11

70.     Anthony Hoadley also told law enforcement later, "I smoke pot, I was very open about that."

71.     Anthony Hoadley also told law enforcement he bought and traded a Kimber firearm, and ATF took all the other guns he had.

72.     When speaking to law enforcement, Anthony Hoadley referred to his wife's firearm, and said "you seen the pistol she carries? We don't carry trash."

73.     During his conversation with law enforcement, an agitated Anthony Hoadley said, "If you'd let me get stoned before this happened we'd be having a way calmer conversation."

74.     Anthony Hoadley told ATF that in the past "I was a drug addict, and I was an alcoholic; I was also a super violent person who made stupid rash decisions."

75.     Anthony and Hannah Hoadley left unsecured firearms, ammunition, and marijuana in the residence where they resided, at times, with minor children.

76.     It was a violation of 18 U.S.C. § 922(g)(3) for Anthony Hoadley to be a user of marijuana, a Schedule I controlled substance, in possession of firearms and ammunition.

77.     If Hannah Hoadley used the marijuana found in her purse, other marijuana, or any other controlled substances, when she had actual or constructive possession of any of the firearms or ammunition seized from her residence, it was a violation of 18 U.S.C. § 922(g)(3) at such time for Hannah Hoadley to be a user of a controlled substance in possession of firearms and ammunition.

78.     It is illegal for a drug user to actually or constructively possess a firearm or ammunition, even if he or she does not own it.

79.     A person can have sole or joint possession of a firearm and ammunition.

80.     A person who has direct physical control over a firearm and ammunition, in any way, shape, or form, is in actual possession of them.

81.     A person who, although not in actual possession of a firearm and ammunition, has the ability to knowingly exercise dominion and control over them, either directly or through another person, is in constructive possession of them.

82.     A person has constructive possession over a firearm and ammunition if he or she has dominion and control over the premises or residence where the firearm and ammunition is located.

83.     On September 18, 2019, and thereafter, both Anthony and Hannah Hoadley made statements to law enforcement essentially admitting they knew all of the Defendant firearms were in the residence, and they each considered one or more of the seized firearms, to be theirs.

84.     On September 18, 2019, the Hoadleys had dominion and control over their residence and over the firearms and ammunition within it.

85.     Law enforcement had no reason to disbelieve the above-referenced statements made on September 18, 2019 by the Hoadleys, insofar as it is a federal crime to knowingly make a false statement to a federal agent.

86.     Regardless of who owned the firearms and ammunition at 102 East Ringgold Street, Creston, Iowa on September 18, 2019, Anthony and Hannah Hoadley both had possession of all of the firearms and ammunition in the residence.

87.     On September 18, 2019, Anthony Hoadley was a user of marijuana who knowingly possessed the Defendant firearms, and some of the evidence suggests Hannah Hoadley may have been one as well.

88.     After the firearms and ammunition were seized by ATF, ATF initiated timely administrative forfeiture proceedings against them.

89.     On or about November 19, 2019, Hannah Hoadley contested the administrative forfeiture, and mailed her claim and a petition to ATF, which included the following firearms:

| Asset Identification Number | Asset Description | Claimed Interest |
|---|---|---|
| 19-ATF-038426 | Marlin Firearms Co. 881 Rifle CAL: 22 SN: ****2967 | Unspecified |
| 19-ATF-038427 | Savage B.Mag Rifle CAL: 17 SN: ***6271 | Unspecified |
| 19-ATF-038428 | Ruger Precision Rimfi Rifle CAL: 22 SN: ****4035 | Unspecified |
| 19-ATF-038429 | Savage Axis Rifle CAL: 30-06 SN: ***7715, | Unspecified |
| 19-ATF-038430 | Savage B.Mag Rifle CAL: 17 SN: ***1405 | Unspecified |

90.     Hannah Hoadley did not claim any of the approximately 1377 rounds of ammunition seized.  She abandoned her claim to any of the ammunition.

91.     On November 17, 2019, Hannah Hoadley filed a Petition for Remission or Mitigation of Forfeiture with the ATF.  In it, she only claimed an interest in the following four (4) firearms:

| Asset Identification Number | Asset Description | Claimed Interest |
|---|---|---|
| 19-ATF-038426 | Marlin Firearms Co. 881 Rifle CAL: 22 SN: ****2967 | Unspecified |
| 19-ATF-038427 | Savage B.Mag Rifle CAL: 17 SN: ***6271 | Unspecified |

| Asset Identification Number | Asset Description | Claimed Interest |
|---|---|---|
| 19-ATF-038428 | Ruger Precision Rimfi Rifle CAL: 22 SN: ****4035 | Unspecified |
| 19-ATF-038429 | Savage Axis Rifle CAL: 30-06 SN: ***7715 | Unspecified |

Thus, Hannah Hoadley did not, therein, claim ownership or any other interest in the Savage B.Mag Rifle CAL: 17 SN: ***1405.

92.   In Hannah Hoadley's Petition, she did not claim to be the owner of any of the foregoing firearms, but simply claimed an unspecified interest in the firearms.

93.   The Ruger Precision Rimfi Rifle CAL: 22 SN: ****4035 was purchased by Anthony Hoadley at McCunn's Specialty Firearms, LLC in Massena, IA on April 17, 2019, and not by Hannah Hoadley.   While law enforcement was executing the search warrant, Hannah Hoadley informed law enforcement this firearm was purchased by Anthony Hoadley and gifted to her.

94.   The Savage B.Mag Rifle CAL: 17 SN: ***1405 was purchased by Anthony Hoadley at Walmart in Creston, IA on January 31, 2016, and not by Hannah Hoadley.   While law enforcement was executing, Hannah Hoadley informed law enforcement this firearm was purchased by Anthony Hoadley and gifted to her.

95.   The Savage B.Mag Rifle CAL: 17 SN: ***6271 was purchased by Hannah Nelson, now known as Hannah Hoadley, on February 17, 2016 at Walmart in Creston, IA.   While law enforcement was executing the search warrant, Hannah Hoadley informed law enforcement this firearm was owned exclusively by her. However, it was found under the master bed with the Marlin Model 881, which Hannah Hoadley stated was exclusively owned by Anthony Hoadley.

96.   The Savage Axis Rifle CAL: 30-06 SN: ***7715 was purchased by Dakota Weeks on February 10, 2014 from Walmart in Creston, IA.   While law enforcement was executing the search warrant, Hannah Hoadley informed law enforcement this firearm was owned exclusively by Anthony Hoadley.

97.   In Hannah Hoadley's claim and petition, she stated "These firearms were purchased legally and I do not possess receipts for them."

98.   Hannah Hoadley has, therefore, admitted to having knowledge concerning the purchase of all of the firearms, and their presence in her residence.

99.   Some of the firearms were purchased by Anthony Hoadley when he was a drug user, and thus unable to legally possess them.

100.   Hannah Hoadley has been aware of Anthony Hoadley's drug use and possession of firearms at all times pertinent to this case.

101.   Hannah Hoadley did not do anything that could reasonably be expected under the circumstances to terminate her husband's possession of the firearms while he was using marijuana.

102.   ATF published notice of its attempted administrative forfeiture.

103.   No one other than Hannah Hoadley claimed or petitioned ATF concerning any of the firearms.

104.   Neither Anthony Hoadley nor the owner of 102 East Ringgold Street, Creston, Iowa contested the administrative forfeiture.

105.   The Defendant firearms were shipped or transported in interstate or foreign commerce.

106.   The Defendant property is forfeitable under federal law because they were firearms and ammunition possessed by one or more prohibited persons, namely one or more users of marijuana, on September 18, 2019.

## VI.   **CLAIM FOR RELIEF**

For the reasons set forth above, the Defendant property should be forfeited to the United States as the property was involved or used in a violation of 18 U.S.C. § 922(g)(3), making it unlawful for any person who is an unlawful user of or addicted to any controlled substance, as defined in 21 U.S.C. § 802, to possess any firearms or ammunition which have been shipped or transported in interstate foreign commerce.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By:   */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9317
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Matthew Jenkins, state that I am a Special Agent with the Bureau of Alcohol, Tobacco Firearms and Explosives (ATF), I have read the foregoing Verified Complaint *In Rem* and know its contents, and that the matters contained in the Verified Complaint are true and correct to the best of my knowledge.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, and information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as an ATF Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:   February 20, 2020.

_____
Special Agent, Matthew Jenkins
Bureau of Alcohol, Tobacco, Firearms & Explosives